## JACKSON v. ENID FOUNDRY & MACHINE SHOPS et al.

(Circuit Court of Appeals, Eighth Circuit. April 15, 1919.)

### No. 5151.

PATENTS ☞328—NOVELTY—METER BOX.

The Jackson patent, No. 1,038,146, for meter box, *held* void for lack of novelty, in view of prior structures in analogous arts.

Appeal from the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Suit in equity by John T. Jackson against the Enid Foundry & Machine Shops and others. Decree for defendants, and complainant appeals. Affirmed.

G. A. Paul, of Oklahoma City, Okl., and F. R. Cornwall, of St. Louis, Mo., for appellant.

Harry O. Glasser, of Enid, Okl., for appellees.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This is a suit for infringement of patent No. 1,038,146, September 10, 1912, to John T. Jackson, for improvements in meter boxes. The trial court held the patent invalid for want of novelty, and the plaintiff appealed.

The structure described in the patent is composed of separate cast iron side and end members easily transportable in "knock-down" condition, and also arranged to be readily assembled and fastened for use in housing underground water meters, etc. It has no bottom, and the lid or cover is not in controversy. In setting up the box, the ends slip into grooves formed by ribs integral with and along each

perpendicular edge of the side pieces. The inner ribs are not continuous, but are broken near the top and bottom, so as to form recesses to accommodate lugs protruding from the end pieces and to allow them to lie close to the face of the sides. Ordinary stove bolts are passed through the lugs and corresponding holes in the sides. "The inner ribs prevent the end walls from moving inwardly, the outer ribs prevent the end walls from moving outwardly, and the bolts hold the walls together, so that they cannot be accidentally displaced." It was said by an expert for plaintiff that the essence of the invention consisted in the seating of the ribs at the corners of the box forming the grooved joint, with the lug out of contact with the inner rib, but in flat contact with the side walls.

We agree with the trial court that the structure was old in the analogous art of fire boxes of the ordinary domestic stoves. Aside from an old catalogue and physical exhibits received in evidence, common experience and observation teaches us that for very many years the sides and ends of fire boxes in heating and cooking stoves were made stable in practically the same way. In preventing the inward fall or movement of the ends of his meter boxes, plaintiff's noncontinuous or so-called recessed inner ribs of the sides perform in the same way the same function as the familiar lugs or shoulders of fire boxes, and the latter likewise accommodate the bolting device. Of course, the exterior or outside ribs or projections to prevent the cornering walls from falling outwardly were old in various forms.

The decree is affirmed.